NO. 07-00-0419-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 30, 2001

_____


ALLEN EUGENE MOTE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. 57,403-L; HONORABLE JOHN T. FORBIS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


ON ABATEMENT AND REMAND

Appellant Allen Eugene Mote was convicted of the misdemeanor offense of record of fraudulent court and sentenced on August 10, 2000, to confinement in the Randall County Jail for 180 days and a fine of $500, probated for two years. A pro se notice of appeal was filed on September 11, 2000.

We have received a portion of the reporter's record, but have not received the clerk's record in this matter. We have been notified by letter dated March 16, 2001, from the court clerk that appellant has failed to pay for preparation of the record or to make satisfactory arrangements with the clerk for doing so. Because we have responsibility to avoid further delay and protect the parties' rights, we abate this appeal and remand to the Randall County Court at Law for a hearing. *See* Tex. R. App. P. 37.3(a)(2).

Upon remand, the judge of the trial court shall immediately cause notice to be given of and conduct a hearing to determine:

1. Whether appellant has abandoned his appeal.

2. If appellant has not abandoned his appeal, the court shall determine if appellant is indigent, and if so, whether counsel should be appointed to represent him.

3. If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and if he has not done so, what orders, if any, are necessary to ensure those arrangements are made.

4. If it be determined that an attorney should be appointed to represent appellant, the name, address, and State Bar of Texas identification number of the attorney appointed.

5. If any other orders are necessary to ensure the diligent and proper pursuit of this appeal.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental

2

reporter's record.  Those supplemental records shall be submitted to the clerk of this court no later than May 1, 2001.

It is so ordered.

Per Curiam

Do not publish.